**ERNEST WARREN, OSB #891384**
E-mail: e.warren@warrenpdxlaw.com
WARREN & SUGARMAN
838 SW First Avenue, Suite 500 Portland, OR 97204
Ph. 503.228.6655
Fax 503.228.7019

**ERIOUS JOHNSON, JR., OSB #130574**
E-mail: Ejohnson.HJLLC@gmail.com
HARMON JOHNSON LLC
University Station Executive Suites 698 12th St. SE, Suite 240, Rm. 4 Salem, OR 97301
Tel: (503) 991-8545
Fax: (503) 622-8545

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MELVIN BROADOUS,** | Civil Case No. 21-CV-00771-AC |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| **NICHOLAS MORALES**, **JOHN DOE**, and **CITY OF PORTLAND**, an Oregon municipal corporation**,** | (Civil Rights Claims under 42 U.S.C. § 1983 and Common Law Negligence) |
| | **DEMAND FOR A JURY TRIAL** |
| Defendants. | |

## I. INTRODUCTION

1.  Pursuant to 42 U.S.C. § 1983 and Oregon common-law, Plaintiff alleges the deprivation of his rights as protected by state and federal constitutions and statutes, and negligence. He seeks damages and equitable remedies, including attorney fees and litigation expenses/costs, including expert witness fees and expenses in an amount to be determined by a

jury at trial.

## II. JURISDICTION AND VENUE

2.  This court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367 because plaintiff asserts a cause of action arising under the Constitution, laws, or treaties of the United States. The court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367.

3.  Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district.

4.  Plaintiff provided defendant notice of his state law claims for money damages and has thereby satisfied the requirements of the Oregon Tort Claims Act, as specified in ORS 30.275(3)(c).

## III. PARTIES

5.  At all materials times herein, Plaintiff MELVIN BROADOUS ("Broadous") is a resident of Portland, Oregon.

6.  At all materials times herein, Defendants Nicholas Morales ("Morales") and his partner John Doe ("Doe"), were police officers with the Portland Police Bureau ("PPB").

7.  Defendants Morales and Doe's actions alleged herein were undertaken in the regular course of employment for Defendant City of Portland.

8.  Defendants Morales and Doe are being sued in their individual and official capacities.

9.  At all materials times herein, Defendant City of Portland ("the City") is a municipal corporation charged with and responsible for appointing and promoting, through the City Manager, the members of the PPB and for the supervision, training, instruction, discipline,

control and conduct of the PPB and its personnel.

10. At all materials times herein, Defendant the City had the power, right and duty to control the way Defendants Morales and Doe carried out employment objectives and to see that all orders, rules, instructions, and regulations promulgated for the Portland Police Bureau were consistent with the laws of the municipality and the Constitution.

## IV. FACTS

11. On August 16, 2020, Mr. Broadous's neighbor called him to report an active burglary taking place at his residence.

12. While in route to his dwelling, Mr. Broadous spoke with Defendant Morales who stated that he and Defendant Doe had cleared his home and that the threat no longer existed.

13. When Mr. Broadous asked Defendant Morales to wait for him to return to his home before departing, Defendant Morales, declined repeating his assurance to Mr. Broadous that his home had been cleared.

14. Upon arrival, Mr. Broadous found the burglar leaving through his bedroom window, with Mr. Baodous's stolen merchandise in hand. A chase ensued which resulted in severe injuries to the Mr. Broadous. There was also an altercation where Mr. Broadous was repeatedly assaulted with his tripod stand by the burglar. As a result, Mr. Broadous suffered multiple injuries including—but not limited to—a torn right rotator cuff that now needs surgery.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 1983
## Substantive Due Process
## Fourteenth Amendment Violation
## Against Defendants Morales and Doe

15. Mr. Broadous incorporates paragraphs 1 through 14 as if fully set forth herein.

16. At all times material herein, Defendants Morales and Doe were acting under color

of State Law.

17. Mr. Broadous requested Defendants to remain at his home until he arrived for his safety.

18. Defendants assured Mr. Broadous that they had "cleared" his home of the burglar prior to his arrival to his residence.

19. Mr. Broadous was entitled to rely on Defendants' assurances that he was safe to return to and enter his home.

20. Defendants willfully failed to make efforts to ensure that it was safe for Mr. Broadous to enter his home.

21. Defendants were aware that there was a burglar in Mr. Broadous's home prior to his arrival home.

22. Mr. Broadous entered his home based on Defendants' assurances that it was safe to do so.

23. It was obvious to Defendants that Mr. Broadous would be placed in danger if they had failed to actually "clear" his home of the burglar as they claimed.

24. It was foreseeable to Defendants that Mr. Broadous could be in danger based on their failure to "clear" his home of the burglar prior to his arrival home.

25. Defendants' failure to have "cleared" Mr. Broadous home of the burglar prior to his arrival shows a conscious disregard for the risk they placed Mr. Broadous in.

26. Defendants' failure to properly "clear" Mr. Broadous home of the burglar, despite assuring him to the contrary, is shocking to the conscious.

27. It was foreseeable that Defendants' failure to properly "clear" Mr. Broadous home of the burglar, despite assuring him to the contrary, would result in a deprivation of Mr.

Broadous's substantive due process rights as guaranteed by the Fourteenth Amendment.

28. Defendants' assurances to Mr. Broadous that it had "cleared" his home prior to his arrival was a direct result of Mr. Broadous subsequent injuries.

29. As a direct and proximate result of Defendants' unlawful acts, Mr. Broadous suffered economic damages in the form of charges incurred for medical, rehabilitative and other health care services, and prejudgment interest in an amount to be determined at trial.

30. As a direct and proximate result of Defendants' unlawful acts, Mr. Broadous has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

31. As a direct and proximate result of Defendants' unlawful acts, Mr. Broadous suffered and continues to suffer from the loss of enjoyment of activities such as gardening, golfing, mowing the lawn, and basic intimacy, to his noneconomic damage, past and future, in the amount of $500,000.00.

32. As a direct and proximate result of Defendants' unlawful acts, Mr. Broadous suffered and continues to suffer from pain which prevents him from lifting his arm and can only be managed by painkillers taken three times a day, to his noneconomic damage, past and future, in the amount of $500,000.00.

33. As a direct and proximate result of Defendants' unlawful acts, Mr. Broadous suffered and continues to suffer from lost range of motion and a reduction in strength, and will need continued care for his injuries, to his noneconomic damage, past and future, in the amount of $500,000.00.

34. As a direct and proximate result of Defendants' unlawful acts, Mr. Broadous suffered and continues to suffer from anxiety to his noneconomic damage, past and future, in the

WARREN & SUGARMAN
838 SW 1ST AVE, SUITE 500
PORTLAND, OR 97204
TEL: (503)228-6655 FAX: (503)228-7019

amount of $500,000.00.

35. Defendants' conduct toward Mr. Broadous demonstrated a wanton, reckless or callous indifference to the constitutional rights of Mr. Broadous, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

36. Mr. Broadous seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of her reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Deliberate Indifference
### Fourteenth Amendment
### Against Defendant City

37. Mr. Broadous incorporates paragraphs 1 through 36 as if fully set forth herein.

38. Defendant failed to train Defendants Morales and Doe on how to properly secure, check and clear Mr. Broadous's home upon a report of a burglar prior to allowing Mr. Broadous to return and enter his home.

39. Defendant failed to train Defendant Morales and Doe to not inform Mr. Broadous to return to and enter his home without properly securing, checking and clearing his home after receiving a call of a burglar therein.

40. Defendant failed to train Defendant Morales and Doe to not allow Mr. Broadous to return to and enter his home without properly securing, checking and clearing his home after receiving a call of a burglar therein.

41. Defendant's failure to train Defendant Morales and Doe evidences a deliberate indifference to Mr. Broadous's substantive due process rights as guaranteed by the Fourteenth Amendment.

42. It was foreseeable that Defendant's failures to train Defendants Morales and Doe would result in a deprivation of Mr. Broadous's substantive due process rights as guaranteed by the Fourteenth Amendment.

43. As a direct and proximate result of Defendant's failures, Mr. Broadous suffered economic damages in the form of charges incurred for medical, rehabilitative and other health care services, and prejudgment interest in an amount to be determined at trial.

44. As a direct and proximate result of Defendant's failures, Mr. Broadous has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

45. As a direct and proximate result of Defendant's failures, Mr. Broadous suffered and continues to suffer from the loss of enjoyment of activities such as gardening, golfing, mowing the lawn, and basic intimacy, to his noneconomic damage, past and future, in the amount of $500,000.00.

46. As a direct and proximate result of Defendant's failures, Mr. Broadous suffered and continues to suffer from pain which prevents him from lifting his arm and can only managed by painkillers taken three times a day, to his noneconomic damage, past and future, in the amount of $500,000.00.

47. As a direct and proximate result of Defendant's failures, Mr. Broadous suffered and continues to suffer from lost range of motion and a reduction in strength, and will need continued care for his injuries, to his noneconomic damage, past and future, in the amount of $500,000.00.

48. As a direct and proximate result of Defendant's failures, Mr. Broadous suffered and continues to suffer from anxiety to his noneconomic damage, past and future, in the amount

of $500,000.00.

49. As a direct and proximate result of Defendant's failures, Mr. Broadous suffered economic damages in the form of charges incurred for medical, rehabilitative and other health care services, and prejudgment interest in an amount to be determined at trial.

50. Defendant's conduct toward Mr. Broadous demonstrated a wanton, reckless or callous indifference to the constitutional rights of Mr. Broadous, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

51. Mr. Broadous seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of her reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

**THIRD CLAIM FOR RELIEF**
**State Claim**
**Negligence**
**Against all Defendants**

52. Mr. Broadous incorporates paragraphs 1 through 51 as if fully set forth herein.

53. Defendant Morales and Doe assured Mr. Broadous that it was safe to return to his home.

54. Mr. Broadous relied on Defendants' assurances that his home had been secured, checked and cleared and was safe to return too.

55. Mr. Broadous's reliance on Defendant Morales and Doe's assurances created a special relationship between Defendants and Mr. Broadous.

56. It is reasonable that Defendant City should have implemented and trained its Police Officers on how to properly control, secure, and respond to burglaries.

57. Defendants Morales and Doe failed to properly carryout their legal duty when

they strayed from established police protocol. Considering the associated risks involved, the Defendants' conduct was unreasonable.

58. Defendant City failed to implement and train Defendants Morales and Doe on how to properly control, secure, and respond to burglaries. Considering the associated risks involved, the Defendant's conduct was unreasonable.

59. It was a foreseeable risk of harm that failing to properly check and secure Mr. Broadous's home, and not allow him to return to it until it was safe, would result in the type of injuries suffered by Mr. Broadous.

60. Defendant Morales and Doe's failure to properly secure, check, control and clear the home was a direct and proximate cause of Mr. Broadous 's injuries.

61. Defendant City's failure to implement and train Defendants Morales and Doe on how to properly secure, check, control, clear and respond to burglaries was a direct and proximate cause of Mr. Broadous 's injuries.

62. Mr. Broadous was injured when the Defendants failed to properly secure the property. Thus, Defendants' conduct was an actual cause of Mr. Broadous's injuries.

63. Defendants are jointly and severally liable for Mr. Broadous's damages.

64. As a result of Defendants' negligence, Plaintiff has suffered physical and psychological pain and suffering, emotional pain and suffering, mental pain and suffering, anxiety and terror, in amounts to be determined at trial.

65. As a direct and proximate result of Defendants' negligence, Mr. Broadous suffered economic damages in the form of charges incurred for medical, rehabilitative and other health care services, and prejudgment interest in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. Economic damages in the form of charges incurred for medical, rehabilitative and other health care services, and prejudgment interest in an amount to be determined at trial;

2. Non-economic damages consistent with the claims above against Defendants in amounts to be determined at trial;

3. All available equitable relief and damages in amounts to be determined at trial, consistent with the claims above against Defendants;

4. Punitive damages consistent with the claims above against Defendants in amounts to be determined at trial;

5. Reasonable attorneys' fees and litigation expenses/costs herein, including expert witness fees and expenses, consistent with the claims above against defendants; and

6. Grant such other relief as is just and proper.

DATED this 25th day of May, 2021.

WARREN & SUGARMAN

/S/ ERNEST WARREN
Ernest Warren, Jr., OSB No. 891384
e.warren@warrenpdxlaw.com
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

## CERTIFICATE OF SERVICE

I hereby certify that I have served **First Amended Complaint** in the attached matter

upon the parties listed below by notice of electronic filing using the CM/ECF System as follows:

**Ryan C. Bailey, OSB Bar#130788**
**City of Portland**
City Attorney's Office
1221 SW Fourth Ave Room 430
Portland, OR 97204
Phone: (503)823-9968
Fax: (503)823-3089
ryan.bailey@portlandoregon.gov


and filed the original with the Court on the date listed below.

DATED this 25th day May, 2021.

                                                **WARREN & SUGARMAN**

                                                /s/ Ernest Warren, Jr
                                                _____
                                                **Ernest Warren, Jr. OSB No. 891384**
                                                Attorney for Plaintiff